(167 App. Div. 950)

WARD, Commissioner of Public Works, v. ERIE R. CO. (No. 181/129.)

(Supreme Court, Appellate Division, Fourth Department. March 26, 1915.)

1. RAILROADS ☞99—CROSSINGS—COST OF MAINTENANCE.

Laws 1888, c. 345, §§ 1, 6, as amended by Laws 1892, c. 353, provides for the appointment of commissioners authorized to contract with railroad companies as to grade crossings. Such commissioners made a contract by which the burden of constructing and maintaining a viaduct carrying a street over certain railroads was apportioned between the railroads and the city. *Held*, that such contract was entered into pursuant to competent authority conferred by legislative enactment.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 293–295, 297–304; Dec. Dig. ☞99.]

2. RAILROADS ☞99—CROSSINGS—MAINTENANCE OF VIADUCT—STATUTORY APPROVAL OF CONTRACT.

Where the grade crossing commissioners of a city made a contract with a railroad company, whereby the burden of constructing and maintaining a viaduct was apportioned between the railroads and the city, the maintenance clause of such contract was fully ratified by Laws 1911, c. 358, approving all contracts made by such commissioners with railroad companies.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 293–295, 297–304; Dec. Dig. ☞99.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. RAILROADS ⬅99—CROSSINGS—MAINTENANCE OF VIADUCT—CONTRACT.

    A contract made by the Buffalo grade crossing commissioners with certain railroad companies, apportioning the burden of maintaining a viaduct over the railroad tracks, not having been invalidated by any act of the Legislature, is binding upon the city.

    [Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 293–295, 297–304; Dec. Dig. ⬅99.]

Appeal from Special Term, Erie County.

Application for mandamus by Francis G. Ward, as Commissioner of Public Works of the City of Buffalo, against the Erie Railroad Company, to compel the repair of a viaduct carrying Chicago street over respondent's right of way. From an order (149 N. Y. Supp. 717) denying the application, complainant appeals. Affirmed.

Order affirmed 109 N. E. ——.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRILL, JJ.

Jeremiah J. Hurley, of Buffalo, for appellant.
William L. Marcy, of Buffalo, for respondent.

PER CURIAM. In view of the elaborate discussion of the questions involved in the action by Mr. Justice Woodward in his opinion delivered at Special Term, we deem it sufficient to state our conclusions as follows:

[1] 1. That the contract by which the burden of constructing and maintaining the viaduct carrying the street over the railroad tracks was apportioned between the railroads and the city was entered into pursuant to competent authority conferred by legislative enactment. People ex rel. Simon v. Bradley, 207 N. Y. 692, 101 N. E. 766.

[2] 2. Whatever doubt existed as to the validity of the maintenance clause in question was removed by the act of the Legislature which ratified all such contracts. Laws 1911, c. 358, p. 815.

[3] 3. Whether the Legislature can or should relieve the city from the burden of maintaining the structure as provided in the contract, and place the burden upon the railroad companies, we do not decide, as that question is not before us. We hold that the Legislature has not up to this time done so, and that that provision is now operative and in full force and binding upon the city.

4. The order should therefore be affirmed, not as a matter of discretion, but upon the ground that the relator has failed to make out a case for a peremptory writ of mandamus.

Order affirmed, with costs, not in the exercise of any discretion, but upon the ground that the relator has failed to make out a case for a peremptory writ of mandamus.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes